46 F.3d 1145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
STAAR SURGICAL COMPANY, INC., Plaintiff/Counter-Defendant/Appellant,
v.
ALLERGAN MEDICAL OPTICS; Allergan Inc.,
Defendants/Counter-Claimants/Appellees.
 No. 93-55857.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Dec. 5, 1994.
Decided: Jan. 19, 1995.
 
 Before: SCHROEDER, FLETCHER and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Staar Surgical Company, Inc. (Staar) appeals the district court's grant of summary judgment in favor of Allergan Medical Optics and Allergan, Inc. (Allergan). We have jurisdiction over this timely appeal under 28 U.S.C. Sec. 1291. We review de novo, Jessinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994), and affirm.
 
 
 3
 Staar seeks to rescind a contract negotiated as part of a settlement agreement. All of Staar's claims hinge on successful rescission of the contract. The parties agree California law governs this dispute. Because we conclude Staar cannot establish the necessary elements of fraud to support rescission, we affirm the judgment of the district court.
 
 
 4
 1. Staar has not shown any misrepresentation.
 
 
 5
 Staar and Allergan are competitors in the manufacture of contact lenses. The instant contract was negotiated in the course of settlement of a patent infringement lawsuit. Allergan agreed to supply Staar with raw material from which Staar would manufacture its own lenses. Allergan made clear to Staar that it would not reveal its proprietary manufacturing processes. It gave Staar a sample of its raw material for Staar to perform its own tests. Staar did so and chose to enter the contract.
 
 
 6
 The allegedly fraudulent misstatements and omissions Staar asserts in support of its claim--surrounding the existence of "central lens hazing"--all involve the manufacturing process. But Staar did not contract to acquire the manufacturing process. It contracted for a license to obtain and use Allergan's raw material. Staar got what it contracted for, and cannot base its rescission action on alleged misrepresentations pertaining to a consideration Allergan never agreed to provide.
 
 
 7
 2. Staar could not rely as a matter of law.
 
 
 8
 Even if Staar could point to a misrepresentation or omission material to the contract, it cannot establish reliance. "An indispensable element of fraud is a right to rely on the misrepresentation alleged." BP Alaska Exploration, Inc. v. Superior Court, 199 Cal. App. 3d 1240, 1264 (1988); see also Continental Airlines, Inc. v. McDonnell Douglas Corp., 216 Cal. App. 3d 388, 402 (1989) (holding justifiable reliance an element of negligent misrepresentation).
 
 
 9
 Staar was made aware of the existence of central lens hazing at a Food and Drug Administration open hearing. Two Staar employees attended that hearing and Staar received a transcript of the proceedings. After it was on notice of the existence of central lens hazing, Staar performed its own tests on the raw material Allergan contracted to provide. All of this occurred before the contract was signed. In these circumstances, Staar could not justifiably have relied on any of the alleged misrepresentations or omissions.
 
 
 10
 In sum, Staar has not met its burden of showing any misrepresentation or omission that would support a finding of fraud or negligent misrepresentation under California law. Nor has Staar met its additional burden of showing justifiable reliance on those misrepresentations or omissions it alleges. Summary judgment was properly granted in favor of Allergan and against Staar on all of Staar's claims.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3